IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

CHRISTINA NICOLE ADAMS and )
CHRISTOPHER L. ADAMS )
 )
    Plaintiffs, )
 )
vs. )    Civil Action No.:
 )
LABORATORY CORPORATION of )
AMERICA )
 )
    Defendant. )

## COMPLAINT FOR DAMAGES

COME NOW CHRISTINA NICOLE ADAMS and CHRISTOPHER L. ADAMS,

Plaintiffs in the above styled-action, and state their claims against the Defendant,

LABORATORY CORPORATION OF AMERICA, as follows:

1.

Plaintiffs Christina Nicole Adams and Christopher L. Adams are residents of the

State of Georgia and are subject to the jurisdiction of this honorable Court.

2.

Defendant Laboratory Corporation of America (hereinafter referred to as

LabCorp) is a corporation organized and existing under the laws of the State of North

Carolina. At all times relevant hereto said Defendant has maintained an office and

place of doing business in DeKalb County, Georgia and is therefore subject to the

jurisdiction and venue of this honorable Court.

3.

At all times relevant hereto Defendant LabCorp was a foreign corporation providing medical laboratory services to the general public in the State of Georgia.

4.

From January 16, 2005 through September 8, 2008, Ms. Adams' doctor obtained five Pap tests from Ms. Adams and presented them to LabCorp for interpretation.  On each occasion, the cytotechnologists and pathologist employed by LabCorp to interpret such tests misinterpreted the tests and provided inaccurate reports to Ms. Adams' doctor.  In August 2009, Ms. Adams was diagnosed with Stage IB-2 Grade III poorly differentiated invasive squamous cell carcinoma with metastasis into the regional lymph nodes and extensive lymphovascular invasion.

5.

The cytotechnologists and pathologist who interpreted Ms. Adams' Pap tests were negligent in that they deviated from the appropriate standard of care exercised by the medical profession generally under the same or similar circumstances in like surrounding conditions by failing to accurately recognize and report the extent and severity of the cervical cancer precursor conditions presented in the Pap tests.

6.

The negligence of LabCorp's cytotechnologists and pathologist proximately caused or contributed to the delay in diagnosing Ms. Adams' cervical cancer and allowing it to metastasize.

7.

As a direct and proximate result of the negligence of LabCorp's cytotechnologists and pathologist Christina Nicole Adams has experienced and will continue to experience unnecessary mental and physical pain and suffering and she has incurred and will continue to incur medical expenses and wage loss. Defendant LabCorp is therefore liable to Christina Nicole Adams for both special and general compensatory damages.

8.

At all times relevant hereto, Plaintiffs Christina Nicole Adams and Christopher L. Adams were lawfully married and living together as husband and wife. As a direct and proximate result of the negligence of the Defendant's employees, Plaintiff Christopher L. Adams has been deprived of the services, companionship and consortium of his wife, Christina Nicole Adams. Defendant LabCorp is therefore liable to Christopher L. Adams for such losses.

9.

At all times relevant hereto the cytotechnologists and pathologist who interpreted Ms. Adams Pap tests were agents and employees of Defendant LabCorp and were acting within the course and scope of their employment. Defendant LabCorp is therefore vicariously liable for their negligence.

10.

Pursuant to O.C.G.A. Sec. 9-11-9.1, the affidavit of Dr. Dorothy L. Rosenthal, M.D. is attached hereto and made a part of this Complaint.

3

WHEREFORE, Plaintiffs demand judgment against the Defendant for a sum in excess of $10,000, together with the costs of this action and such other relief as may be just and proper.

This __7__ day of September, 2010.

James O. Wilson, Jr.
State Bar Number 768550
Attorney for Plaintiffs

P.O. Box 667
Marietta, GA  30061
770-427-2476

/s/ Lawrence B. Schlachter
Lawrence B. Schlachter by Jou with permission
State Bar Number 001359
Attorney for Plaintiffs

Schlachter Law Firm
602 Macy Drive
Roswell, GA  30076
404-552-8362

State of Maryland )
City of Baltimore )
County of Prince George

## AFFIDAVIT OF DR. DOROTHY L. ROSENTHAL, M.D., FIAC

Dr. Dorothy L. Rosenthal, M.D., FIAC, who, after being duly sworn by the undersigned officer duly authorized by law to administer oaths, deposes and states the following:

1.

My name is Dorothy L. Rosenthal and I am over the age of 21 years. I am a medical doctor, licensed to practice medicine in the State of Maryland since 1995.

2.

I received my undergraduate degree from the University of Kansas in 1961.    I completed my medical school training at the University of Kansas Medical Center in 1966. I completed my residency requirements in pathology at Milwaukee County General Hospital in 1970. I am certified by the American Board of Pathology with added qualification in Cytopathology. A current copy of my curriculum vitae is attached hereto and incorporated herein.

3.

This affidavit is based upon my personal knowledge obtained through my training and experience in the field of pathology, and upon my review of copies of the following records of Christina Adams:

   a. Records from Dr. Mary L. Chappell, M.D. of OB/GYN Associates, P.A.

   b. The following pathology slides for Christina Adams maintained by Laboratory Corporation of America: accession # 016-G15-0113-0 for specimen taken 01/16/06; accession # 025-G15-0161-0 for specimen taken 01/25/07;

1

accession # 298-G15-6299-0 for specimen taken 10/25/07; accession # 325-
V59-0095-0 for specimen taken 11/20/07; accession # 080-G15-6246-0 for
specimen taken 03/20/08; and accession # 252-G15-6252-0 for specimen
taken 09/08/08

c.  Records from Southeastern Gynecologic Oncology, LLC

4.

My review of the above listed records reveals the following facts, assumed to be
true:

On January 16, 2006, Ms. Adams, then 30 years of age, presented to her
obstetrician for a pre-natal examination. A Pap test obtained at that time was submitted
to Laboratory Corporation of America (LabCorp) for interpretation. The test was
interpreted by LabCorp cytotechnologist Sherrill Merchant as "negative for intraepithelial
lesion and malignancy (NILM), with no endocervical component cells present". The test
actually revealed ASC-H - atypical squamous cells for which high-grade squamous
intraepithelial lesion could not be excluded, with rare endocervical component cells –
rare koilocytes.

On August 26, 2006 Ms. Adams delivered her child.

On January 25, 2007, Ms. Adams, while still breast feeding her infant, presented
to her ob/gyn physician, Dr. Mary L. Chappell, for examination and Pap test. Dr.
Chappell's office submitted the Pap test to LabCorp for interpretation. The test was
interpreted by LabCorp cytotechnologist Madgy Isac as "NILM with endocervical
component cells present". The test actually revealed high-grade squamous
intraepithelial lesion (HSIL). HSIL is a high grade cervical cancer precursor condition.

On October 25, 2007 Ms. Adams, again presented to her ob/gyn physician, Dr. Mary L. Chappell, for examination and Pap test. Dr. Chappell's office submitted the Pap test to LabCorp for interpretation. The test was interpreted by LabCorp cytotechnologist Derek Brian Moates, reviewed by pathologist Arthur R. Summerlin, M.D., as showing "atypical squamous cells of undetermined significance (ASC-US) with no endocervical component cells". As before, however, the test actually contained thick fragments of epithelium, most probably representing HSIL.

Prompted by the ASC-US Pap test result, on November 20, 2007, Ms. Adams underwent a colposcopy. The biopsy specimen was sent to LabCorp for interpretation. The histologic interpretation by LabCorp pathologist Monnette S. Baker, M.D. classified the findings as CIN 1 and, with deeper levels into the specimen, interpreted the biopsy as at least CIN 2.

On March 20, 2008, Ms. Adams, again pregnant, underwent another Pap test. Dr. Chappell's office submitted the Pap test to LabCorp for interpretation. The test was interpreted by LabCorp cytotechnologist Robert Allison, reviewed by cytotechnologist Greg McDaniel, as showing NILM with endocervical component cells present. The test actually revealed HSIL with endocervical component cells present.

On May 29, 2008 Ms. Adams delivered her baby.

On September 8, 2008 another Pap test was obtained from Ms. Adams and submitted to LabCorp for interpretation. The test was interpreted by LabCorp cytotechnologist Stacey L. Akines as showing NILM with endocervical component cells present. The test actually revealed HSIL with endocervical component cells present.

3

On June 4, 2009, Ms. Adams reported to her ob/gyn office that she was experiencing heavy vaginal bleeding. A diagnostic work-up started on July 31, 2009, revealed that Ms. Adams had Stage IB-2 Grade III poorly differentiated invasive squamous cell carcinoma with metastasis into the regional lymph nodes and extensive lymphovascular invasion.

5.

Based upon the above stated facts assumed to be true, it is my opinion that cytotechnologists Sherrill Merchant, Madgy Isac, Robert Allison, Greg McDaniel and Stacey L. Akines each deviated from the appropriate standard of care exercised by the medical profession generally under the same or similar circumstances in like surrounding conditions in their interpretation of Ms. Adams' cytopathology slides. Specifically, they failed to accurately recognize and report the extent and severity of the cervical cancer precursor conditions presented in the Pap tests.

6.

It is my opinion, to a reasonable degree of medical probability, that the diagnostic errors made by the cytotechnologists at LabCorp caused or contributed to the delay in diagnosing Ms. Adams' cervical cancer, which delay allowed the tumor to enlarge and metastasize.

7.

I have extensive training and experience in the examination and evaluation of Pap tests and colposcopy biopsy specimens such as those taken from Ms. Adams. Since 1995 I have been a Professor of Pathology at the Johns Hopkins School of Medicine. Since 1996 I have been a Professor of Oncology at the Johns Hopkins School of Medicine. As a professor in these fields I teach resident physicians to

4

evaluate and recognize malignancies revealed by such tests and biopsies concurrent with my clinical hospital practice.   I routinely evaluate Pap tests and diagnose malignancies and pre-malignant findings such as those revealed in Ms. Adams' Pap tests. Specifically, since 2005, I have evaluated approximately 150 such tests monthly.

8.

My opinions are based on facts upon which I am competent to testify and it is my understanding that this Affidavit will be used in connection with litigation to be filed against Laboratory Corporation of America.

FURTHER AFFIANT SAYETH NOT.

*Dorothy L Rosenthal, MD*
Dr. Dorothy L. Rosenthal, M.D.

Sworn to and subscribed
before me this 3rd day
of September , 2010.
Cordelia Hodges
Notary Public

CORDELIA HODGES
NOTARY PUBLIC
PRINCE GEORGE'S COUNTY
MARYLAND
MY COMMISSION EXPIRES SEPT. 27, 2010

CORDELIA HODGES
NOTARY PUBLIC
PRINCE GEORGE'S COUNTY
MARYLAND
MY COMMISSION EXPIRES SEPT. 27, 2010