IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHRISTINA NICOLE ADAMS
AND CHRISTOPHER L. ADAMS,

      Plaintiffs,

v.

LABORATORY CORPORATION
OF AMERICA,

      Defendant.

1:10-cv-3309-WSD

**OPINION AND ORDER**

This matter is before the Court on Defendant Laboratory Corporation of America's ("Defendant") Motion for Order Governing Pretrial Publicity [138] ("Motion").

**I.    BACKGROUND**

This is a negligence action against Defendant for alleged misinterpretation of five (5) Pap smear tests taken by Ms. Adams' physician from January 2006 through September 2008. In August 2009, Ms. Adams was diagnosed with cervical cancer. Plaintiffs Christina Nicole Adams and Christopher L. Adams ("Plaintiffs") allege that Defendant is liable for the negligence of its employees or agents who misinterpreted the tests and reported inaccurate test results to

Ms. Adams' physician. Plaintiffs argue that these alleged misinterpretations delayed the diagnosis of Ms. Adams' cancer, which permitted the cancer to metastasize. Plaintiffs seek damages for injuries suffered by Ms. Adams and for Mr. Adams' loss of consortium.

On September 7, 2010, Plaintiffs filed their Complaint in the State Court of DeKalb County, Georgia.[1] On October 14, 2010, the Defendant removed the DeKalb action to this Court. On November 24, 2014, Thomas John Chapman ("Chapman") and Sean Christopher Domnick ("Domnick, and together, "Florida Counsel"), filed their applications for admission *pro hac vice* on behalf of Plaintiffs. (Docket Nos. 136, 137).[2] The Clerk approved Florida Counsel's applications on December 4, 2014. Florida Counsel are not licensed in Georgia.

On November 25, 2014, Defendant filed its Motion, requesting that the Court enter an order preventing the parties, their counsel, and their agents from discussing this case with the media or making statements to the media or on the internet, including social media, other than matters of public record. Defendant contends such communications or discussions could interfere with a fair trial, or prejudice one or more of the parties.

---

[1] No. 10A31607-3.
[2] On December 2, 2014, Chapman filed a second application for admission *pro hac vice*. (Docket No. 143).

Defendant asserts that it filed the Motion in response to the applications for admission *pro hac vice* filed by Florida Counsel, who Defendant asserts released statements and other highly prejudicial information about the Defendant in another case pending against Defendant in the United States Court for the Southern District of Florida (the "Florida Court") entitled <u>Wisekal v. Laboratory Corporation of America</u>, Case No. 9:12-cv-80806 (the "Wisekal Action").  Defendant cited to several internet links that provide video news segments and articles where Dominick, his client, or both provided allegedly prejudicial statements and information to the public concerning the Wisekal Action.

For example, Defendant refers to a segment named "South Florida Family Claims Lab Misinterpreted Woman's Pap Smear Test, Resulting In Her Death," (the "South Florida Story").[3]  Motion at 2.  The South Florida Story, posted in March 2014, included a video and an article concerning the Wisekal Action.  In the article, John Wisekal – the plaintiff and personal representative of the Estate of Darian Wisekal – claimed that the Defendant provided two false negative results on Pap smears that, if performed correctly, would have detected the cervical cancer that ultimately killed Darian.  Domnick also is quoted as saying "They misread not

---

[3]     By Dan Krauth, WPTV.com, available at http://www.wptv.com/news/region-c-palm-beach-county/wellington/south-florida-family-claims-lab-misinterpreted-womans-pap-smear-test-causing-her-deathsouth-florida-family-claims-lab-misinterpreted-womans-pap-smear-

only one pap smear slide, but two . . . I think there's no doubt this happens more than people know about." South Florida Story at 1.

In another segment entitled "Family Blames Medical Lab for Mother's Death," (the "Family Blames Story"),[4] Domnick stated that he had the two slides tested again and "[l]o and behold, the slide from 2008 had high-grade abnormalities undisputed by LabCorp" and the 2010 slide "was riddled with cancer. LabCorp missed not one, but two slides." (Family Blames Story at 1). John Wisekal is quoted as saying "I would like to see them change their policies so this does not happen. It's the biggest mistake someone can make. It cost someone their life and two young girls their mother." (Id.).

In an article entitled "False Negative,"[5] Domnick stated "[w]hat [Defendant] should have done was identif[y] the high-grade lesions that were on the slide." (False Negative at 1). In a news segment entitled "Husband Blames Lab for Wife's Death," ("Husband Blames")[6] Domnick discussed the 2008 and 2010 Pap smear slides, again stating:

---

[4] By Erin Guy, WPBF.com, available at http://www.wpbf.com/news/south-florida/palm-beach-county-news/family-blames-medical-lab-for-mothers-death/24783454

[5] Lynn Martinez, WSVN TV 7 News, available at http://www.wsvn.com/story/24477866/false-negative

[6] WPBF, Aol.on News, available at http://on.aol.com/video/husband-blames-lab-for-wifes-death-518145347

> We had the slide from 2008 and the slide from 2010 looked at, and lo and behold, the slide from 2008 had high-grade abnormalities on it, undisputed by [Defendant, and the slide from 2010 was] riddled with cancer, so [Defendant] missed not one but they missed two slides.

(Husband Blames at 1:35-1:57).

These news segments and articles were broadcast or released in March 2014, several weeks before jury selection and the beginning of the trial in the Wisekal Action. Defendant identifies additional articles and segments where Domnick, Wisekal, or both provided statements to the media that are allegedly prejudicial. Defendant also asserts that Domnick described the 2010 Pap smear slide, which was ruled inadmissible by the Florida Court.

On December 2, 2014, Plaintiffs filed their Response in Opposition [144] to the Motion, asserting that Defendant's Motion is unnecessary, as counsel for Plaintiffs agree that Rule 3.6 of the Georgia Rules of Professional Conduct apply in this case. Plaintiffs argue that Defendant merely seeks to prejudice the Court against Florida Counsel. Plaintiffs assert that Defendant did not file any motions in the Wisekal Action regarding Wisekal or Domnick's statements to the media, and that only one potential juror had seen anything with regard to the case and that no jurors were excused based upon pretrial publicity. Plaintiffs assert also that the motion in limine regarding the 2010 Pap smear slide was denied on February 24, 2014, see Wisekal Action at Docket No. 202, and was only revisited by the Florida

5

Court on March 31, 2014, where the Florida Court granted Defendant's motion. No public statements regarding the 2010 Pap smear slide were made after the Florida Court's March 31, 2014, Order.

On December 3, 2014, Defendant filed its Reply [145] in support of its Motion. Defendant asserts that comments made by Florida Counsel in the Wisekal Action may have been permissible under the Florida Rules of Professional Conduct, but are not under the Georgia Rules of Professional Conduct. Defendant asserts also that the Florida Court's denial of Defendant's motion in limine was without prejudice for renewal at trial, and that the Florida Court ultimately granted the motion in limine regarding the 2010 Pap smear. Florida Counsel are not subject to discipline for violating the Georgia Rules of Professional Conduct because they are not licensed in Georgia.

## II.   DISCUSSION

### A.   Legal Standard

Attorneys admitted to practice before this Court *pro hac vice* are required to comply with the Georgia Rules of Professional Conduct (the "Rules") contained in the Rules and Regulations of the State Bar of Georgia. LR 83.1(C), NDGa. Professional Rule 3.6 governs pretrial publicity, and provides:

> A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that

> a person would reasonably believe to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter.

(Rule 3.6(a)). The comments to Rule 3.6 discuss specific subject matter that "are more likely than not to have a material prejudicial effect on a proceeding, particularly when they refer to a civil matter triable to a jury." (Rule 3.6, Comment 5A). These subjects include: (1) the identify of a witness; (2) the performance or results of any examination or test; (3) the identity or nature of physical evidence expected to be presented; and (4) information that the lawyer knows or reasonably should know is likely to be inadmissible as evidence in a trial and that would, if disclosed, create a substantial risk of prejudicing an impartial trial. (Rule 3.6, Comment 5A(a), (c), (e)).

In addition to the limitations on an attorney's speech imposed by the Georgia Rules of Professional Conduct, the Supreme Court has recognized the Court's power to proscribe "extrajudicial statements by any lawyer, party, witness, or court official which divulged prejudicial matters." See Sheppard v. Maxwell, 384 U.S. 333, 361 (1966).

    B.    Analysis

Defendant's Motion raises specific conduct that Florida Counsel engaged in during the Wisekal Action, and its proposed order delineates the specific conduct

for which it seeks to prohibit Plaintiff's counsel from engaging. The Motion, in essence, seeks to compel counsel for Plaintiffs, including Florida Counsel, to adhere to the standard set forth in Rule 3.6 of the Georgia Rules of Professional Conduct. Plaintiffs, while opposing the Motion, have agreed that all counsel, including Florida Counsel, are bound by the Georgia Rules of Professional Conduct, including Rule 3.6. (Response at 1). The Court notes the Local Rules require Florida Counsel, though admitted *pro hac vice*, to comply with the Georgia Rules of Professional Conduct. See LR 83.1(C), NDGa.

Many of Florida Counsel's above-mentioned statements to the media in the Wisekal Action, even if permissible under the Florida Rules of Professional Conduct, may violate Rule 3.6(a) of the Georgia Rules of Professional Conduct.[7] The Court declines to prohibit any specific statements regarding this matter as Defendant seems to request. However, in light of Florida Counsel's representations that they are required to comply with Rule 3.6(a) of the Georgia Rules of Professional Conduct and, to ensure a fair trial to both parties, to avoid extrajudicial statements that may materially prejudice these proceedings, and considering Florida Counsel's statements in the Wisekal Action, the Court

---

[7] For example, Domnick's statements concerning the 2008 and 2010 Pap smear tests, even if admissible at trial, identified the results of an examination or test and identified physical evidence he expected to present to trial. (See Rule 3.6, Comment 5A(c))

concludes that Defendant's Motion should be granted to the extent it request that Florida Counsel comply with Rule 3.6 of the Georgia Rules of Professional Conduct. An order imposing this specific requirement assures the Court's authority to respond to claimed violations of the Rule.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Motion for Order Governing Pretrial Publicity [138] is **GRANTED**.

**IT IS FURTHER ORDERED** that counsel for Defendant and counsel for Plaintiffs, including counsel admitted *pro hac vice*, are required to comply with the Georgia Rules of Professional Conduct, including Rule 3.6(a).[8]

**SO ORDERED** this 22nd day of December, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[8] The Comments to Rule 3.6 detail what subject matters are more likely than not to have a material prejudicial effect on this proceeding.

9